FORM 3015-1 CHAPTER 13 PLAN
UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

----------------------------------

**IN RE:**                                                                                                               CHAPTER 13 PLAN

DATE 4/8/2011

KENNETH KEARNS                                                                                            CASE NO.

----------------------------------

**1. DEBTOR'S PAYMENTS TO TRUSTEE**

a. As of the date of the plan, debtor has paid the trustee                    $0.00

b. After the date of this plan, debtor will pay the trustee                    $145.00  per month for          60  months beginning within 30 days

days after the order for relief for a total of              $8,700.00  The minimum plan length          60  months from the date of the initial plan payment

unless all allowed claims are paid in a shorter time.

c. The debtor will also pay the trustee:                         $0.00

d. The Debtor will pay the trustee a total of:       $8,700.00                 {line 1a + line 1b + line 1c}

**2. PAYMENTS BY TRUSTEE** The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may
 collect a fee of up to 10% of plan payments or,          $870.00                 {line 1d x .10}

**3. ADEQUATE PROTECTION PAYMENTS 1326 (a) (1) C)**         The trustee will promptly pay from available funds adequate protection payments to
creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Month | TOTAL PAYMENTS |
|---|---|---|---|
| a. | | | $0.00 |
| b. | | | |
| c. | | | |
| d. TOTAL | | | $0.00 |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES §365 -** The debtor assumes the following executory contracts or unexpired leases.
Cure provisions, if any, are set forth in # 7

| Creditor | Description of Property |
|---|---|
| a | |
| b. | |

**5. CLAIMS NOT IN DEFAULT** Payments on the following claims are current and the debtor will continue to make all payments which come due after
the date the petition was filed directly to the to the to the creditors.  The creditors will retain their liens. The creditor can continue to invoice the debtor.

| Creditor | Description of Property |
|---|---|
| a. BREMER | HOME 2ND MORTGAGE |
| b CREDIT ACCEPTANCE | 2005 CHEVROLET |
| c. | |
| d. | |

**6. HOME MORTGAGES IN DEFAULT (sec. 1322(b)(5) and 1322 (e)).** The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *__All following entries are estimates__*. The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a BANK OF AMERICA | $1,330.00 | $100.00 | 1 | 14 | $1,400.00 |
| b. | | | | | |
| c. | | | | | |
| d. TOTAL | $1,330.00 | $100.00 | | | $1,400.00 |

**7. SECURED CLAIMS IN DEFAULT (§ 1322(b)(3) and (5) and §1322(e))** The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *__All following entries are estimates, except for interest rate.__*

| Creditor | Amount of Default | Int. Rate (if applicable) | Payment | Beginning in Month # | Number of payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | | | | | | |
| b. | | | | | | |
| c. | | | | | | |
| d. other | $0.00 | | | | | $0.00 |

**8. OTHER SECURED CLAIMS SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims util the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge.

**NOTE: NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. §1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.**

| Creditor | Amount of Claim | Secured Claim | Intrest Rate | Beginning in Month # | Monthly Payments | x | Number of Payments | = | Payments on Account of Claim | (Adequate) Protection from #3 | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| a. | | | | | | | | | | | |
| b. | | | | | | | | | | | |
| c. | | | | | | | | | | | |
| d. Total | $0.00 | $0.00 | | | | | | | | | $0.00 |

**9. PRIORITY CLAIMS** the trustee will pay in full all claims entitled to priority under §507, including the following. *__The amounts listed are estimates__*. The trustee will pay the amounts actually allowed.

| Creditor | Amount of Claim | Monthly Payment | Month # | Number of payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. ATTORNEY'S FEES | $2,250.00 | $30.50 | 1 | 14 | SEE NEXT LINE |
| b. | | $130.50 | 15 | 14 | $2,250.00 |
| c. | | | | | |
| d. | | | | | |
| f. TOTAL | $2,250.00 | | | | $2,250.00 |

**10. SEPARATE CLASS OF UNSECURED CREDITORS** In addition to the class of unsecured creditors specified in #11, there shall be separate classes of non-priority unsecurity creditors described as follows:

The trustee will pay the allowed claims of the following creditors. ***All entries below are estimates***.

| Creditor | Interest Rate (if any) | Claim Amount | Payment | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. | | | | | |
| b. | | | | | |
| c. TOTAL | | $0.00 | | | $0.00 |

**11. TIMELY FILED UNSECURED CREDITORS** The trustee will pay the holders of non-priority unsecured claims for which proofs of claim were timely filed, the balance of all payments received by the trustee and not paid under # 2, 3,6, 7, 8, 9 and 10 their pro rata share of approximately        $4,180.00           line 1(d) minus lines 2, 6(d), 7(d) and 8(d), 9 (f) and 10)].

a. The debtor estimates that the total unsecured claims by creditors listed in paragraph 8 are        $0.00

b. The debtor estimates that the total unsecured claims (excluding those in #8 & #10) are        $19,837.14

c. Total estimated unsecured claims are        $           line 11(a) + line 11 (b).   $19,837.14

**12. TARDILY FILED UNSECURED CREDITORS** All money paid by the debtor to the trustee under #1 but not distributed but not distributed by the trustee under #2,3,6,7,8, 9, 10 or 11will be paid to the holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS**        The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Income withholding for on-going child support will continue.

The debtor shall send the Trustee each year during the Chapter 13 Plan copies of his/her federal and state income tax returns at the time they are filed. The debtor shall also promptly report to the Trustee the receipt of any state and federal tax refunds for the duration of this Chapter 13 case and shall be entitled to retain the first $1,200 plus any earned income credit (EIC). Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments.

Pursuant to 11 USC Section 1305 (a)(1), claims for post petition Federal Income taxes are to be included in the plan.

**14. SUMMARY OF PAYMENTS-**

| | |
|---|---:|
| Trustee's fee [line 2]............................................ | $870.00 |
| Home Mortgage Defaults [line 6(d)]........................ | $1,400.00 |
| Claims in defaults [line 7(d)]. ...................... | $0.00 |
| Other Secured Claims [line 8(d)]............................ | $0.00 |
| Priority claims [line 9f].......................................... | $2,250.00 |
| Separate Class [line 10(C)]....................................... | $0.00 |
| Unsecured Creditors [line 11].............................. | $4,180.00 |
| **TOTAL [must equal line 1(d)]..........................** | **$8,700.00** |

ROBERT L KALENDA

919 WEST ST GERMAIN ST STE 2000        SIGNED:_____

ST CLOUD MN 56301                                KENNETH KEARNS

(320)255-8840